UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED E. HARTER,

    Plaintiff,

                                CASE NO. 06-CV-13657-DT
                                JUDGE ARTHUR J. TARNOW
                                MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

STEPHEN DAVIS, JONG CHOI,
BONITA DAVIS NEIGHBORS,
NANCY MARTIN, JAMES ARMSTRONG
and JOHN DOE,

    Defendants.
                                  /

## REPORT AND RECOMMENDATION REGARDING DEFENDANTS' FED. R. CIV. P. 12(b)(6) MOTION FOR DISMISSAL FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (Doc. Ent. 13)

**I.**     **RECOMMENDATION:** The Court should enter an order (1) directing the clerk to correct the case caption to reflect the identified defendants' full names[1] and (2) denying defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss which asserts plaintiff's failure to exhaust pursuant to 42 U.S.C. § 1997e(a). This denial would be without prejudice to the right of defendants to assert failure to exhaust in further pleadings, such as in a motion for summary judgment.

**II.**     **REPORT:**

**A.**     **Procedural History**

---

[1] Defendants' November 21, 2006 motion to dismiss lists the identified defendants' full names as Stephen Davis, Jong Choi, Bonita Davis Neighbors, Nancy Martin and James Armstrong. Doc. Ent. 13 at 7.

Plaintiff is currently incarcerated at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan.[2]  On August 17, 2006, while incarcerated at JCF, plaintiff filed a pro se prisoner civil rights complaint against six (6) defendants: Stephen Davis, Jong Choi and Bonita Davis Neighbors, described as JCF dentists; Nancy Martin and James Armstrong, described as Michigan Department of Corrections (MDOC) Prisoner Affairs employees and John Doe, described as an unknown Straits Correctional Facility (KTF) dentist.  Doc. Ent. 1 at 1-6.  Plaintiff is proceeding in forma pauperis.  Doc. Ent. 3.

**B.     Defendants' Motion to Dismiss**

On November 21, 2006, the identified defendants filed a Fed. R. Civ. P. 12(b)(6) motion for dismissal for failure to exhaust administrative remedies.  (Doc. Ent. 13).  Defendants' motion relies upon *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005),[3] *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003)[4] and *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).  Doc. Ent. 13 at 2.  In addition, the brief in support of the motion relies on *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002);[5]

---

[2] *See* www.michigan.gov/corrections, "Offender Search".

[3] *Jones Bey*, 407 F.3d at 805 ("the prisoner must attach documentation to the complaint as proof.") (citing *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), at 807 ("We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result.").

[4] *Burton*, 321 F.3d at 574 ("a prisoner must administratively exhaust his or her claim as to each defendant associated with the claim[.]"), at 575 ("a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process.").

[5] *Baxter*, 305 F.3d at 488 ("a prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies, if his action is covered by the PLRA."), at 489 ("If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.").

*Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000);[6] *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999) and *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998),[7] Doc. Ent. 13 at 6, as well as *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006), Doc. Ent. 13 at 10.

On December 18, 2006, Judge Tarnow referred this case to me to conduct all pretrial proceedings. Doc. Ent. 14. On December 21, 2006, I entered an order setting the deadline for plaintiff's response to defendants' motion to dismiss for failure to exhaust for January 22, 2007. Doc. Ent. 15. Plaintiff has not filed a response.

**C.    *Jones v. Bock*, 549 U.S. __, 127 S. Ct. 910 (Jan. 22, 2007)**

After the instant motion was filed, the Supreme Court of the United States decided *Jones v. Bock*, 549 U.S. __ (Jan. 22, 2007). *Jones* directly addresses some of the arguments raised in the instant motion. Succinctly, the Court found that the Prison Litigation Reform Act (PLRA) does not: "[1] require a prisoner to allege and demonstrate exhaustion in his complaint, [2] permit suit only against defendants who were identified by the prisoner in his grievance, [or] [3]

---

[6]`Knuckles El`, 215 F.3d at 642 ("in order to effectuate this language, a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.") (citing `Brown v. Toombs`, 139 F.3d 1102 (6th Cir. 1998)), at 642 ("Where the prison has an administrative process that will review the complaint, plaintiff must exhaust even though money damages are not available.") (citing `Wyatt v. Leonard`, 193 F.3d 876, 878 (6th Cir.1999)).

[7]`Brown`, 139 F.3d at 1104 ("this court will henceforth require that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies. A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint.")

require courts to dismiss the entire action if the prisoner fails to satisfy the exhaustion requirement as to any single claim in his complaint." *Jones*, 549 U.S. __, slip op. at 1-2.

**D.     Fed. R. Civ. P. 12 ("Defenses and Objections")**

Federal Rule of Civil Procedure 12 sets forth rules regarding defenses and objections. As to how defenses and objections should be presented, the rule states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted[.]

Federal Rules of Civil Procedure 12(b)(6). "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, slip. op. at 8 (May 21, 2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atlantic Corp.*, slip. op. at 8 (citations and quotations omitted).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 16.

The reviewing court must construe the complaint in the light most favorable to plaintiff and must presume all factual allegations in the complaint as true. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The purpose of Rule 12(b)(6) is to give defendant the opportunity to test whether plaintiff is entitled to legal relief as a matter of law even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A dismissal under Rule 12(b)(6) is generally disfavored by courts, as it is a dismissal on the merits. 2A JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07 (2d ed. 1995).

**E.      The Court Should Deny Defendants' Motion for Dismissal for Failure to Exhaust Administrative Remedies.**

**1.      The facts underlying plaintiff's complaint**

On July 31, 2003, plaintiff was returned to prison for a parole violation. Initially, he was sent to the Reception and Guidance Center (RGC). During the intake program, he was seen by a dentist who determined that plaintiff needed to have some teeth pulled and some partials made. He was directed to contact the dental department at the next facility. Doc. Ent. 1 at 4.

Plaintiff was transferred to the Straits Correctional Facility (KTF) during August 2003. Doc. Ent. 1 at ¶ 1. During September 2003, he was placed on a list to await impressions and order a partial plate. H e was unable to properly chew food. Doc. Ent. 1 at 11. Plaintiff had a dental examination at KTF during October 2003. Allegedly, "inmate stated at that time he had only 5 months left with the [MDOC] and no further dental treatment was started because it could not be completed during that time frame." Doc. Ent. 1 at 12.

Plaintiff started having stomach trouble in January 2004. Doc. Ent. 1 at 11. During the Fall 2004, plaintiff was informed that there was not enough time left to complete the needed dental work. Doc. Ent. 1 at 13. In December 2004, plaintiff was transferred to the Marquette Branch Prison (MBP). While at MBP, plaintiff had a tooth pulled as a result of an infection and a tooth filled. Doc. Ent. 1 at 7.

On February 7, 2005, plaintiff was moved to JCF. Shortly thereafter, he kited the dental department regarding partials. At some point, a JCF dentist "determined that [plaintiff] should have several teeth pulled[,]" but apparently plaintiff asked that one of those teeth be filled instead of pulled. Subsequently, one of plaintiff's lower teeth was pulled as a result of "infection/becoming loose." Doc. Ent. 1 at 7. Plaintiff had a dental examination at JCF on December 19, 2005. Doc. Ent. 1 at 12.

Plaintiff completed a health care request on February 7, 2006. On February 11, 2006, plaintiff was informed that he was on a list and would be told when it was his turn. On February 16, 2006, plaintiff completed a Step I grievance form (JCF-06-02-00326-012a). In part, plaintiff noted his need "to have impressions taken so that both upper and lower partials [could] be made[,]" and to have one tooth filled. Plaintiff's grievance form was received at Step I the following day. Doc. Ent. 1 at 11. Plaintiff's teeth were cleaned on February 27, 2006. Doc. Ent. 1 at 12. Davis and Choi responded to and reviewed the grievance on March 3, 2006, noting that plaintiff was on the "lists to have a tooth restored and to have an upper and lower partial completed." Doc Ent. Ent. 1 at 11, 12.

On March 26, 2006, plaintiff completed a Step II grievance appeal form which stated:

It was not until the fall of 04 that I was told that I did not have enough time left in which to complete the necessary dental work. I have been here over a year now,

6

> been on the list, and all that has been done is to have my teeth cleaned. If they keep postponing doing the work, once again I will be within a period where there will not be enough time in which to complete the work necessary. 2 ½ years and counting seems excessive to have dental work completed.

Plaintiff's grievance appeal was received at Step II the following day. Doc. Ent. 1 at 13. Neighbors denied the grievance appeal on April 18, 2006, noting that he was on the list for restorative and impressions. Doc. Ent. 1 at 14. Plaintiff completed a Step III grievance form which stated:

> PD 03.03.130 at paragraph "G" provides that health care is to be provided in a manner consistent with contemporary standards of . . . medical practice in the community. It does not take 2 ½ -years to have a couple teeth filled/pulled and impressions made for partial plates in any community in the united states. Have health care do the necessary work within the 30 days, or what it takes to have it done in the community.

Plaintiff's grievance appeal was received by MDOC Prisoner Affairs on April 24, 2006. Doc. Ent. 1 at 15. On May 19, 2006, Martin prepared the Step III grievance response denying plaintiff's appeal and, during June 2006, Armstrong signed the response. The response notes that "[g]rievant's concerns have been determined non-urgent in nature." Doc. Ent. 1 at 16. In July 2006, plaintiff was "called to the dental department to have the tooth filled that it was determined over a year earlier could be filled instead of pulled." Doc. Ent. 1 at 7.

At the time he filed his complaint, plaintiff had only nine (9) teeth: three (3) on the top and six (6) on the bottom. Doc. Ent. 1 at 7. He claims he is unable to chew his food, must swallow most food whole, has stomach trouble, chokes on his food, has lost and gained weight. Doc. Ent. 1 at 7-8.

**2.      42 U.S.C. § 1997e ("Suits by prisoners")**

7

Title 42 of the United States Code governs the public health and welfare. Section 1997e governs 42 U.S.C. § 1983 suits by prisoners. This section states in part that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Further, "[t]he exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

With regard to the dismissal of prisoner lawsuits, 42 U.S.C. § 1997e(c) provides:

(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

(2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(1)-(2).

**3.      The PLRA does not require total exhaustion of administrative remedies.**

**a.**      Defendants argue that "[p]laintiff has failed to exhaust his administrative remedies against [d]efendants Choi, Martin, Armstrong and the unknown dentist." Defendants state that "[p]laintiff does not name any individuals in his grievance." They also state that "[a] second grievance is unnumbered and incomplete." Furthermore, they state that, because plaintiff has not exhausted his administrative remedies against each of the defendants, "the entire case must be

dismissed with prejudice." Doc. Ent. 13 at 2 ¶ 3. Defendants Choi, Neighbors, Martin and Armstrong request that the complaint "be dismissed without prejudice[.]" Doc. Ent. 13 at 3.

According to defendants, "[p]laintiff has not shown that he exhausted his remedies against the Defendants because he has not specifically named dentists Choi, Davis or Neighbors in the grievance he filed and has not grieved Defendants Armstrong or Martin." Doc. Ent. 13 at 7. Specifically, defendants argue that plaintiff "did not comply with the Prison Litigation Reform Act [PLRA] when he failed to provide evidence that he had filed a grievance against all defendants in this action." Doc. Ent. 13 at 8. Also, defendants argue that "[p]laintiff did not exhaust his remedies as to all of the defendants; therefore, this Court should apply *Jones-Bey*[, 407 F.3d 801] and dismiss this action in its entirety." Doc. Ent. 13 at 9.

In conclusion, defendants contend that plaintiff's submission of documents does not "demonstrate exhaustion of . . . administrative remedies against" the six (6) defendants. Defendants seek dismissal of this action, because plaintiff "did not totally exhaust his administrative remedies[.]" Doc. Ent. 13 at 11.

**b.** In *Jones*, the Supreme Court considered "whether it falls to the prisoner to plead and demonstrate exhaustion in the complaint, or to the defendant to raise lack of exhaustion as an affirmative defense." *Jones*, slip. op. at 10-11. Adopting the position of the majority of courts that have considered the issue, and rejecting the approach of the Sixth Circuit, the Court concluded that lack of exhaustion is an affirmative defense that must be raised and proved by the defendant. After explaining that this approach was consistent with the ordinary rule of pleading, and rejecting the justifications for the contrary rule offered by the Sixth Circuit and the state, *see id.* at 11-15, the Court concluded "that failure to exhaust is an affirmative defense under the

PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, slip op. at 15-16.

Under *Jones*, in the general run of cases a Rule 12(b)(6) motion to dismiss based on the plaintiff's failure to demonstrate exhaustion in the complaint is no longer appropriate. Because lack of exhaustion is an affirmative defense, it falls to the defendants to demonstrate that the claims have not been exhausted. This generally will not be determinable based on the face of the complaint, and it is only the complaint that may be considered in deciding a Rule 12(b)(6) motion. Rather, dismissal on exhaustion grounds will generally have to be accomplished, if at all, through a properly supported motion for summary judgment including some evidence (such as the affidavit of a record keeper describing all grievances filed by the plaintiff) showing that the claims have not been exhausted. It is true that, in some cases, the face of the complaint itself may establish a lack of exhaustion, such as where the plaintiff admits in the complaint that he has not exhausted. *See id.* at 14 (noting that dismissal under Rule 12(b)(6) on the basis of an affirmative defense, such as a statute of limitations, may be had where "the allegations in the complaint suffice to establish that ground."). However, because Rule 12(b)(6) tests the sufficiency of the complaint, "[a]n affirmative defense may only be considered on a motion to dismiss if it clearly appears on the face of the complaint." *Beuster v. Equifax Information Servs.*, 435 F.Supp.2d 471, 480 (D. Md. 2006) (internal quotation omitted); *see also*, *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal quotation omitted) (dismissal for failure to state a claim based on affirmative defense appropriate only "if the defense appears on the face of the complaint.").

Although defendants specifically argue that "[t]o establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted as to each defendant[,]" and "[a] prisoner must attach documentation to the complaint as proof of exhaustion[,]" Doc. Ent. 13 at 8, the crux of defendants' motion is plaintiff's failure to "totally exhaust" his complaint. As defendants state in their prayer for relief in the motion brief, "[b]ecause [plaintiff] *did not totally exhaust his administrative remedies*, this Court must dismiss this action." Doc. Ent. 13 at 11 (emphasis added).

However, as noted above, the PLRA does not require total exhaustion, *Jones*, slip. op. at 2, 19-23, and it does not require defendants be identified in the grievance, *Jones*, slip. op. at 2, 16-19. Furthermore, because lack of exhaustion is an affirmative defense, *Jones*, slip. op. at 1-2, 10-16, dismissal under Rule 12(b)(6) is appropriate only if it appears from the face of the complaint that plaintiff has not, in fact, exhausted. It is not enough that plaintiff fails to allege that he has exhausted; nor is it sufficient that the grievances plaintiff has attached fail to show exhaustion. Rather, the complaint affirmatively must show that plaintiff has not exhausted. Plaintiff's complaint does not admit a failure to exhaust. In fact, plaintiff claims to have appealed his grievance to the Step III Grievance Coordinator. Doc. Ent. 1 at 3. Nor does the complaint provide any other basis on its face to conclude from the allegations that plaintiff has not exhausted his claims as a matter of law (Compl. at 4 [Form Complaint Statement of Facts], 7-8 [Statement of Facts]).

Accordingly, under *Jones* and the ordinary standards governing Rule 12(b)(6) motions, defendants' motion should be denied to the extent it argues that plaintiff has not satisfied the

requirements of 42 U.S.C. § 1997e(a) by failing to totally exhaust his administrative remedies. Doc. Ent. 13 at 11.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated 5/31/07

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 31, 2007.

       s/Eddrey Butts
       Case Manager